■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER CONTINO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered July 21, 1988, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

We find that the automobile in which the defendant was a passenger had been lawfully stopped by the police *(see, People v De Bour,* 40 NY2d 210; *People v Gonzalez,* 116 AD2d 661). Contrary to the defendant's contention, the evidence at the suppression hearing established that the stop was not based upon an anonymous telephone call but a telephoned complaint by an identified, off-duty, New York City policeman. Consequently, the police officers properly seized a handgun, which was observed in plain view, from the automobile *(see, People v Rodriguez,* 130 AD2d 596; *People v O'Quinn,* 123 AD2d 332) and another handgun which was found during a subsequent lawful search of the automobile. Therefore, suppression of the handguns was properly denied.

The defendant's further assertion that the hearing court erred when it closed the courtroom during the testimony of an undercover officer is without merit. Since there was no trial objection to the closure of the courtroom, this claim is not preserved for appellate review as a matter of law *(see, People v Flores,* 152 AD2d 704). In any event, the closure of the courtroom was proper since the trial court conducted a hearing during which it was established that the undercover officer

was still engaged in pending investigations, and closure was necessary to protect his safety as well as the integrity of the ongoing operations (see, *People v Hinton*, 31 NY2d 71, *cert denied* 410 US 911; *People v Gonzalez*, 135 AD2d 829; *People v Flores, supra; People v Legette*, 153 AD2d 760).

The defendant's final contention, that the sentence imposed should be reduced, is unpersuasive (see, *People v Suitte*, 90 AD2d 80; *cf., People v Moretto*, 143 AD2d 369). Mollen, P. J., Brown, Lawrence and Spatt, JJ., concur.