■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY T. BROWN, Appellant.—Appeal by the defendant from two judgments of the County Court, Westchester County (Silverman, J.), both rendered April 6, 1990.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BROWN, JR., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered November 28, 1988, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred by responding to certain requests from the deliberating jury in his absence and that this error deprived him of the opportunity to be heard regarding the jury's request for one of the trial exhibits *(see,* CPL 310.20 [1]; *People v Owens,* 69 NY2d 585). However, the resettled record reveals that the defendant was present in the courtroom with his attorney when the court

responded to requests for information from the jury. No objection was registered by the defense counsel to the trial court's response to the requests. Thus, any issue with respect to the court's handling of the jury's requests is unpreserved for appellate review (see, CPL 470.05 [2]).

The defendant further contends that the court erred in closing the courtroom to the public during the testimony of an undercover police officer. This issue is unpreserved for appellate review since the defendant failed to object when the court, following a hearing, granted the People's application for closure (see, People v Contino, 153 AD2d 948; People v Gonzalez, 135 AD2d 829; CPL 470.05 [2]). In any event, the evidence adduced at the hearing establishes that the court's decision was proper (see, People v Weaver, 162 AD2d 486; People v Contino, supra).

We have considered the defendant's remaining contention and find it to be without merit. Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.