STATE of Iowa, Appellee,

v.

**Terence Scott EDGINGTON, Appellant.**

**No. 90–1906.**

Supreme Court of Iowa.

July 22, 1992.

As Corrected Sept. 3, 1992.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., Gary Kimes, Clarke County Atty., John Doran, Asst. Warren County Atty., and Paul M. Goldsmith, Lucas County Atty., for appellee State of Iowa.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and ANDREASEN, JJ.

SCHULTZ, Justice.

This is an appeal by defendant Terence Scott Edgington from his conviction of four counts of burglary in the second degree and one count of theft in the second degree. Criminal charges from three counties were consolidated and tried to the district court. The sole issue on appeal is defendant's contention that the district court should have suppressed evidence which was found in a warrantless search of his automobile. The court of appeals reversed defendant's conviction, holding that the evidence found in the inventory search of defendant's car should have been suppressed. We vacate the court of appeals decision and affirm the judgment of the trial court.

We first examine the facts. Because a constitutional challenge is involved, we find the facts de novo. *State v. Aschenbrenner,* 289 N.W.2d 618, 619 (Iowa 1980). Defendant who was driving alone in the city of Indianola about 10:00 p.m. on February 25, 1990, was stopped by city police officers for speeding. Defendant admitted that he did not have a valid driver's license. The officers confirmed with the Iowa Department of Transportation that defendant's license was suspended. Defendant was then arrested for driving while under suspension and placed in the squad car.

The police officers determined that defendant's car should be impounded because its location at the crest of a hill on a heavily traveled road presented a hazard to traffic. In addition, the road had a narrow shoulder about two feet wide; thus, the car was parked almost completely on the gravel roadway. The steep incline and the late evening hour presented further dangers to traffic. The officers called a tow truck.

After making the call, an officer searched the passenger compartment of defendant's car. He found a loaded handgun under the seat and a jewelry box and jewelry on the back seat of the car which was later determined to be stolen property. Defendant did not have a weapons permit; therefore, he was charged with carrying a concealed weapon. The search was interrupted so defendant's car could be towed away. The search was completed later in another location and revealed numerous other stolen items in the trunk. No search warrant was ever obtained.

Defendant moved to suppress the evidence gained by the search, urging that the officers had neither probable cause to apprehend him nor a fourth amendment right to search his vehicle. In its resistance, the State contends that the officers had probable cause to stop defendant because of the speeding violation. Based on defendant's resulting arrest for driving while his license was under suspension, the State argues that the seizure of the stolen property was justified under theories of (1) exigency and probable cause; and (2) impoundment and inventory.

Following an evidentiary hearing on defendant's suppression motion, district court judge Thomas S. Bown overruled the motion by a calendar entry without stating a reason. The matter came to trial before district court judge Darrell J. Goodhue, who also considered defendant's suppression motion. Judge Goodhue discussed the legality of the impoundment in light of the city's written policy that officers should attempt certain alternative procedures prior to impoundment of a vehicle. Nevertheless, Judge Goodhue determined the impoundment to be legal. The court reasoned that the search of the interior of the vehicle was valid as a search incident to an arrest even though the officer treated the seizure of the stolen property as an inventory search. The court additionally reasoned that the discovery of the loaded weapon constituted probable cause to extend the search to the trunk of the car under the exigent circumstances exception to the requirement of a search warrant.

On appeal, defendant urges the search of his vehicle cannot be sustained on either ground stated in the trial court's ruling. In reversing defendant's conviction, the court of appeals majority opinion addressed only the reasonableness of the impoundment. It concluded that the arresting officers were required to advise the arrestee that the vehicle must be taken to storage unless the arrestee directed the officer to make other reasonable arrangements. A special concurrence concluded the impoundment was unreasonable because the officers did not follow their own procedures and the search was an invalid search incident to an arrest because it was not conducted substantially contemporaneous with the arrest.

■ Initially, we believe that the search of the passenger compartment of the vehicle was justified as a search incident to an arrest. It is a well established rule that if an officer makes a lawful custodial arrest of an occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of the automobile. *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768, 775 (1981). Several federal courts have held that a search of an automobile may be conducted as a search incident to an arrest even if an arrestee has been taken from a vehicle and handcuffed. *United States v. McKinnell*, 888 F.2d 669, 673 (10th Cir.1989); *United States v. McCrady*, 774 F.2d 868, 871–72 (8th Cir. 1985); *United States v. Cotton*, 751 F.2d 1146, 1149 (10th Cir.1985). State courts have arrived at the same result. *State v. Hull*, 210 Conn. 481, 556 A.2d 154, 163 (1989); *State v. Shepherd*, 118 Idaho 121, 795 P.2d 15, 16–17 (App.1990); *State v. Fore*, 56 Wash.App. 339, 783 P.2d 626, 631 (1989).

■ Under the facts of the this case, defendant was legally stopped and arrested. He was speeding and the officers determined that he was driving with a suspended license. He was placed in a patrol car and an officer went back to the driver's side of defendant's vehicle and began a search of the passenger compartment. At

that time, the officer found a loaded handgun. Defendant remained at the scene and the search was conducted contemporaneously with his arrest. The federal court in *McKinnell* emphasized that the subsequent search of the passenger compartment remains a valid search incident to an arrest even if it occurs after the arrestee has been handcuffed and restrained outside the vehicle. 888 F.2d at 673. Under these circumstances, we conclude that the seizure of the handgun and the jewelry found in the back seat were proper under the *Belton* doctrine as a valid search incident to an arrest.

In *Belton,* the Supreme Court held the vehicle search to be valid under the fourth amendment but restricted the scope of the search to the passenger compartment of the automobile. 453 U.S. at 460, 101 S.Ct. at 2864, 69 L.Ed.2d at 775. Therefore, the search of the trunk in this case must be justified on grounds other than a search incident to an arrest. We hold that the trunk search can be justified on other grounds as stated in *McKinnell:*

> [I]f the police, while making an arrest, find probable cause to search the arrested individual's automobile, such a search then "proceeds on a theory wholly different from that justifying the search incident to an arrest." Because it is the probable cause, not the arrest, that is then the justification for the search of the automobile, the police may search the impounded automobile at a later time.

888 F.2d at 673 (citations omitted).

■ Previously, we have stated that the automobile exception to the fourth amendment requirement of a search warrant is applicable if probable cause and exigent circumstances exist at the time the automobile is stopped by police. *State v. Holderness,* 301 N.W.2d 733, 736 (Iowa 1981). Satisfaction of the probable cause factor may evolve from a proper investigatory stop of a vehicle. *United States v. Kelly,* 961 F.2d 524, 527–28 (5th Cir.1992); *United States v. Strickland,* 902 F.2d 937, 942–43 (11th Cir.1990); *United States v. Caves,* 890 F.2d 87, 90–91 (8th Cir.1989); *McKinnell,* 888 F.2d at 673.

Probable cause for a vehicle search exists when the facts and circumstances would lead a reasonably prudent person to believe that the vehicle contains contraband. The facts and circumstances upon which a finding of probable cause is based include "the sum total ... and the synthesis of what the police have heard, what they know, and what they observe as trained officers."

*Strickland,* 902 F.2d at 942–43 (citations omitted). Probable cause for a vehicle search can be established by the officers' discovery of an illegal weapon or other contraband. *Kelly,* 961 F.2d at 527 (loaded gun and marijuana); *United States v. Trotter,* 889 F.2d 153, 155 (8th Cir.1989) (semiautomatic gun and cocaine paraphernalia); *Ledda v. State,* 564 A.2d 1125, 1129 (Del. 1989) (concealed machete); *State v. Walton,* 565 So.2d 381, 384 (Fla.App.1990) (cocaine); *State v. Shepherd,* 118 Idaho 121, 795 P.2d 15, 18 (App.1990) (marijuana); *Commonwealth v. Moses,* 408 Mass. 136, 557 N.E.2d 14, 19 (1990) (packet of cocaine and illegally loaded handgun); *People v. Contino,* 153 A.D.2d 948, 545 N.Y.S.2d 754, 755 (1989) (illegal handgun).

The exigency requirement may be satisfied "when the car is mobile ... and the car's contents may never be found again if a warrant must be obtained." *Holderness,* 301 N.W.2d at 737 (citations omitted). "Moreover, exigent circumstances are necessary only initially; the absence of exigent circumstances at the time of the actual search is irrelevant." *Id.* (citing *Texas v. White,* 423 U.S. 67, 68, 96 S.Ct. 304, 305, 46 L.Ed.2d 209, 211 (1975) (per curiam)).

■ Considering the totality of the circumstances, we believe the State established probable cause to search the trunk. A loaded handgun under the front seat of a car being driven late at night by a person who did not have a permit to carry a concealed weapon gave the officers a reasonable belief that the trunk might contain other weapons. Furthermore, the exigent circumstances requirement was satisfied by the mobility of the vehicle and the likelihood that the contraband would never be found again if the vehicle was released until a warrant was obtained. Consequently, we hold that the search of the trunk

under these circumstances does not violate the fourth amendment.

We need not address defendant's contention that the search in this case was an invalid impoundment and inventory search. As in *McKinnell*, we need not decide the validity of the impoundment and inventory search because we hold the trunk search valid on other grounds. *See* 888 F.2d at 673; *see also Kelly*, 961 F.2d at 528.

We will address one aspect of the inventory search, however. The trial court and the court of appeals disagreed on the issue of whether the officers were under a duty to offer defendant an alternative to impoundment of his vehicle. The United States Supreme Court indicated the fourth amendment does not require police officers to provide an arrestee an alternative to impoundment if they are acting under reasonable police regulations relating to inventory procedures which are executed in good faith. *Colorado v. Bertine*, 479 U.S. 367, 374, 107 S.Ct. 738, 742, 93 L.Ed.2d 739, 747 (1987); *United States v. Davis*, 882 F.2d 1334, 1339 (8th Cir.1989). Also, we believe the present case is distinguishable from our suppression of the results of the search in *State v. Kuster*, 353 N.W.2d 428 (Iowa 1984). In *Kuster*, at the time of arrest the defendant was not near his locked and legally parked vehicle. *Id.* at 432.

In this case, we believe the determinant issue regarding the impoundment was whether the police department's regulations required the officers to provide defendant an alternative to impoundment. At least one court concluded that officers must follow their own local departmental procedures. *United States v. Wanless*, 882 F.2d 1459, 1463 (9th Cir.1989). As indicated previously, we need not and do not pass on this aspect of the case.

In summary, we hold that the trial court correctly denied defendant's motion to suppress.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.