# IN THE COURT OF APPEALS OF IOWA

No. 14-1474
Filed August 5, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MORGAN LEA MYERS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Bremer County, Peter B. Newell, District Associate Judge.

Morgan Myers appeals her conviction on one count of possession of a controlled substance. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Kasey E. Wadding, County Attorney, and Jill Dashner, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, J.**

Morgan Myers appeals her conviction on one count of possession of a controlled substance.

### I. Factual and Procedural Background

At approximately 12:38 a.m. on November 17, 2013, a Bremer County Sheriff Deputy noticed a vehicle parked in a rural driveway off the side of the highway with its headlights off. The deputy approached the vehicle. Anthony Pirtle was in the driver's seat and Myers was in the passenger's seat; neither lived at the residence connected to the driveway. Pirtle and Myers indicated they had pulled over to use their GPS device. Myers told the deputy they were on their way to pick up some clothing from her friend's house. However, she did not know the name of the friend or the friend's address when prompted. The deputy asked Myers and Pirtle for identification and ran drivers' license checks, which revealed Myers's and Pirtle's histories of drug offenses. The deputy noticed butane fluid, tools, four mobile telephones, and three GPS units in plain sight in the vehicle. Myers and Pirtle "both seemed kind of nervous."

The deputy inquired whether there was anything illegal in the vehicle, which Pirtle denied. Pirtle gave the deputy permission to search the vehicle. The deputy conducted the vehicle search after having Pirtle and Myers get out of the car. He found a digital scale in the back seat and a zippered purse in the front seat. Pirtle admitted he used the scale to weigh drugs but claimed he had not used the scale "for several years." The deputy then searched Myers's purse, in which he found another digital scale, a hypodermic needle, and a metal spoon with white methamphetamine residue. The deputy arrested Myers, who was

subsequently charged with possession of a controlled substance in violation of Iowa Code section 124.401(5) (2013).

Myers moved to suppress the evidence discovered in the purse, asserting she had not consented to the search and Pirtle's consent to search the vehicle did not extend to her purse. She claimed the search violated her state and federal constitutional right to be secure against unreasonable searches. The district court denied the motion, finding the search of the purse was justified by exigent circumstances. Myers was convicted, and she now appeals.

**II. Standard of Review**

Our review is de novo. *See State v. Watts*, 801 N.W.2d 845, 850 (Iowa 2011).

**III. Discussion**

Myers raises two issues on appeal. The first is whether the deputy had a lawful basis to "stop" the vehicle. This claim is not preserved for our review. Myers claims that she "raised the issue . . . by asking the deputy if it was illegal for persons to be lost" at the suppression hearing and that "testimony was presented with regards to whether there was, or was not, probable cause or reasonable suspicion to approach the vehicle." However, testimony touching upon an issue is not sufficient to preserve error for our review. Myers did not assert this claim in her motion to suppress, and the district court did not address the issue in its ruling. Myers did not ask the court to rule upon the issue of whether the deputy needed probable cause or reasonable suspicion to approach the vehicle after the suppression hearing, at trial, or in a post-trial motion. Issues must be raised and decided by the district court before we will decide them on

appeal. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). Myers's first claim is therefore not before us.

Her second claim is that the search of her purse was unconstitutional because the deputy did not have a warrant and Myers did not consent to the search. The United States Constitution and the Iowa Constitution both grant protections against unreasonable searches and seizures. *See* U.S. Const. amend. IV; Iowa Const. art. I, sec. 8.[1] "Searches conducted without a warrant are per se unreasonable subject only to a few specifically established and well-delineated exceptions." *Watts*, 801 N.W.2d at 850. One exception is a warrantless search "conducted by free and voluntary consent." *See State v. Lowe*, 812 N.W.2d 554, 572 (Iowa 2012). Myers's argument on appeal seeks to establish that the consent exception to the warrant requirement does not apply in this case. However, the deputy conceded he had no consent to search the purse and the district court did not rely on the consent exception in denying the motion to suppress. Myers's argument on this issue is therefore inapposite.

The district court instead relied upon the probable-cause-with-exigent-circumstances exception to the warrant requirement.[2] A warrantless search is

---

[1] Myers mentions the Iowa Constitution in her appellate brief but does not assert that its applicability in this case differs from that of the United States Constitution. Our supreme court recently demonstrated its willingness to interpret the Iowa Constitution differently than the United States Constitution in regards to the exceptions to the warrant requirement. *See State v. Gaskins*, ___ N.W.2d ___, 2015 WL 3958499, at *4 (Iowa 2015). However, in the context of this appeal—in which Myers does not assert the state and federal constitutions operate in a distinct manner—we apply the federal standard. *See State v. Kern*, 831 N.W.2d 149, 174 (Iowa 2013).

[2] The district court's conclusion—finding that probable cause supported the deputy's search—is directly responsive to the State's argument that the probable-cause-with-exigent-circumstances exception should apply. Though the district court failed to state in precise terms that it relied upon the exception, it is clear that the exception is the basis of the court's order denying the motion to suppress. Though Myers primarily argues the

permissible if the officer has probable cause and "the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Watts*, 801 N.W.2d at 850 (quoting *Mincey v. Arizona*, 437 U.S. 385, 393–94 (1978)). "[T]his exception only applies when coupled with existing probable cause." *Kern*, 831 N.W.2d at 174 (citation and internal quotation marks omitted). "The standard for probable cause is whether a person of reasonable prudence would believe . . . evidence of a crime might be located in the particular area to be searched." *Id.* (citation omitted).

Exigency must be established independent of probable cause. *State v. Naujoks*, 637 N.W.2d 101, 108 (Iowa 2001). "[O]fficers must have specific, articulable grounds to justify a finding of exigency." *Id.* at 109. "The exigent-circumstances exception includes a situation in which there is a probability that, unless immediately seized, evidence will be concealed or destroyed." *Id.* (citation and internal quotation marks omitted).

In this case, the deputy had probable cause to search the purse, particularly after he found the first digital scale, which Pirtle admitted had been used to weigh drugs. The facts and circumstances upon which a finding of probable cause is based include the sum total and the synthesis of what the police have heard, what they know, and what they observe as trained officers." *State v. Edgington*, 487 N.W.2d 675, 678 (Iowa 1992) (citation and internal quotation marks omitted). The deputy knew Myers and Pirtle had a history of

---

issue of consent, she also acknowledges and contests the district court's reliance on the probable-cause-with-exigent-circumstances exception.

drug offenses, the two had been exhibiting nervous behavior, and they were parked in someone's driveway off of a highway at 12:38 a.m. with no credible explanation of their presence or destination. The deputy found butane fluid in plain sight and the digital scale used to weigh drugs during his consensual search of the vehicle. At that point, the deputy would reasonably have believed there might be evidence of a crime—i.e. possession of a controlled substance—somewhere else in the personal possessions of the two individuals in the vehicle. Our case law supports a finding of probable cause in comparable circumstances. *See Naujoks*, 637 N.W.2d at 108 (finding probable cause where apartment occupants lied to questioning officers and officers saw items in plain view in the apartment that seemed "out of place" and could potentially have been connected to a burglary).[3] Probable cause gave the deputy the authority to search even a passenger's purse; the passenger, Myers, had a diminished expectation of privacy in the purse she left in the automobile. *See Wyoming v. Houghton*, 526 U.S. 295, 304 (1999) ("[P]olice officers with probable cause to search a car may inspect passengers' belongings found in the car that are capable of concealing the object of the search."); *State v. Eubanks*, 355 N.W.2d 57, 60 (Iowa 1984) ("Once the patrolman . . . had probable cause to search for contraband, all containers within the car . . . were fair game for the car search.").

The record also demonstrates that there were exigent circumstances of a particular kind commonly referenced in our case law: evidence found in a car is inherently mobile and "may never be found again if a warrant must be obtained."

---

[3] We note that the court in *Naujoks* ultimately determined the exigent-circumstances exception did not apply in that case because, although the officers had probable cause, there was not a showing of exigency. *Naujoks*, 637 N.W.2d at 110.

*See State v. Predka*, 555 N.W.2d 202, 207 (Iowa 1996); *State v. Holderness*, 301 N.W.2d 733, 737 (Iowa 1981); *see also Chambers v. Maroney*, 399 U.S. 42, 51 (1970); *State v. Gillespie*, 619 N.W.2d 345, 351 (Iowa 2000); *Edgington*, 487 N.W.2d at 678; *State v. Olsen*, 293 N.W.2d 216, 218 (Iowa 1980).[4]   If any evidence the deputy may have found had not been immediately seized, it could have been easily concealed, destroyed, or otherwise disposed of.  *See Kern*, 831 N.W.2d at 174 ("The exigent-circumstances exception is important to narcotics investigations because drugs are easily destroyed.").

When the deputy searched the purse, he had probable cause to do so, and exigent circumstances apply to support the search even in absence of a warrant.  We affirm the district court's denial of Myers's motion to suppress.

**AFFIRMED.**

---

[4] While this doctrine—a subset of the exigent-circumstances exception called the "automobile exception"—is the subject of controversy, it nevertheless remains the law applicable to this case. *See Gaskins*, ___ N.W.2d at ___, 2015 WL 3958499, at *15 (Cady, J., concurring specially) (criticizing the automobile exception as outmoded in "the new world of technology"); *id.* at *41 (Waterman, J., dissenting) (noting our supreme court has "consistently applied the federal interpretation of the automobile exception"). While the *Gaskins* majority considers the search-incident-to-arrest exception to the warrant requirement in great detail, it does not consider probable-cause-with-exigent-circumstances exception.  *See id.* at *5 (majority opinion).