# IN THE COURT OF APPEALS OF IOWA

No. 19-0746
Filed January 9, 2020

**STATE OF IOWA,**
    Plaintiff-Appellant,

**vs.**

**JESUS DELGADO-JIMENEZ,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott, Judge.

The State appeals from the grant of a motion to suppress. **REVERSED AND REMANDED.**

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellant.

Mark C. Smith, State Appellate Defender, (until withdrawal) and Ashley Stewart, Assistant Appellate Defender, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**GREER, Judge.**

We must decide if the district court properly granted a motion to suppress evidence. The State argues the automobile exception applies to the warrantless search of the vehicle Jesus Delgado-Jimenez drove. We find the State established the necessary probable cause and exigent circumstances to justify the automobile exception. As a result, we reverse the district court and remand for further proceedings.

### I. Background Facts and Proceedings.

Shortly after midnight on November 27, 2018, Officer Josh Tyler with the Sioux City Police Department noticed a Chrysler vehicle that was running while parked several feet from the curb with no one in the area. Aware of a rash of stolen vehicles in the area, he ran a vehicle registration check that revealed it was registered to an address in a different part of the city.

Officer Tyler, suspecting the Chrysler was stolen or otherwise involved in criminal activity, started to observe it. Someone soon entered the Chrysler and drove away. Officer Tyler followed in his marked patrol vehicle. The Chrysler turned into a parking lot and—without stopping—turned back onto the same street to begin driving behind Officer Tyler. When Officer Tyler stopped at a red light, the Chrysler turned into a convenience store lot just before the light and stopped at a gas pump. Still suspicious, Officer Tyler called for assistance from Officer Michael Sitzman, a certified drug-sniffing-dog handler, and stopped to observe the Chrysler. After five to ten minutes, the Chrysler left the gas pump and turned onto the street, yet it immediately turned back into the same convenience store lot and parked in front of the store.

With no apparent purpose for the return to the store, Officers Tyler and Sitzman continued to watch the Chrysler. After several minutes of no observable activity, they left their patrol vehicles to investigate. On examination of the Chrysler, they saw no occupants or obvious signs of concern from the outside. Thinking they might locate the driver, they entered the store. The clerk offered that a man just left the store who was acting nervous. He told the officers the man "left on foot" after he exited the store. After calling for assistance to locate the man, other officers spotted a man about one-half block from the store matching the description. Identified as Jesus Delgado-Jimenez, Officer Tyler knew about previous investigations of Delgado-Jimenez for drug and traffic violations. He believed Delgado-Jimenez did not have a valid driver's license, so the other officers detained him.

At this point, Officer Sitzman used his dog to search for drugs in the Chrysler, directing the dog to sniff around the exterior of the vehicle. The dog detected an odor at the driver's door. The other officers transported Delgado-Jimenez to the store, and Officer Sitzman obtained the vehicle keys from him. Once Officer Sitzman opened the driver's side door, he immediately found a baggie containing a white powdery substance, believed to be methamphetamine or cocaine. The officers arrested Delgado-Jimenez.

The State charged Delgado-Jimenez with possession of a controlled substance, third violation, and driving while his license was suspended. *See* Iowa Code §§ 124.401(5), 321J.21 (2018). On February 15, 2019, he moved to suppress evidence from the search of the Chrysler. On March 18, the court held a hearing on the matter. On April 15, the court issued its ruling granting the motion

to suppress. The State filed a motion to reconsider, which the court denied. The State applied for discretionary review. The Supreme Court granted the application and stayed the district court, and it transferred the matter to this court.

## II. Standard of Review.

"When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo." *State v. Brown*, 890 N.W.2d 315, 321 (Iowa 2017). "When we review a record de novo, we make 'an independent evaluation of the totality of the circumstances as shown by the entire record.'" *Id.* (quoting *In re Pardee*, 872 N.W.2d 384, 390 (Iowa 2015)). "We give deference to the district court's fact findings due to its opportunity to assess the credibility of the witnesses, but we are not bound by those findings.'" *Id.* (quoting *Pardee*, 872 N.W.2d at 390).

## III. Analysis.

The federal and state constitutions prohibit the State from conducting "unreasonable" searches and seizures. U.S. Const. amend. IV; Iowa Const. art. I, § 8. "A warrantless search is presumed unreasonable," unless the State shows an exception applies. *State v. Moriarty*, 566 N.W.2d 866, 868 (Iowa 1997).

The State argues the warrantless search of the Chrysler was justified under the automobile exception. The automobile exception requires showing that "probable cause and exigent circumstances exist at the time the car is stopped by police." *State v. Storm*, 898 N.W.2d 140, 145 (Iowa 2017) (quoting *State v. Holderness*, 301 N.W.2d 733, 736 (Iowa 1981)). Probable cause may evolve during a proper investigation to justify a warrantless search. *State v. Edgington*,

487 N.W.2d 675, 678 (Iowa 1992). "The inherent mobility of motor vehicles satisfies the exigent-circumstances requirement." *Storm*, 898 N.W.2d at 145.

As for the first prong of the exception, the State argues the alert from the drug dog provides probable cause. *See State v. Bergmann*, 633 N.W.2d 328, 338 (Iowa 2001) ("Several cases have concluded that a reliable drug dog alert alone is enough to establish probable cause to search."). Delgado-Jimenez concedes the existence of probable cause. And we agree as well.

To address the second prong, the State argues exigent circumstances exist based on the mobile nature of the Chrysler. *See Storm*, 898 N.W.2d at 145. In contrast Delgado-Jimenez argues that under the facts here—the Chrysler was unoccupied and parked on private property—no exigent circumstances existed to justify the warrantless search. Yet our Supreme Court recently considered and retained the automobile exception, noting "exigent circumstances apart from the mobility of the vehicle are not required to justify a warrantless search." *Id.* at 146; *see also Maryland v. Dyson*, 527 U.S. 465, 466 (1999) (same); *Holderness*, 301 N.W.2d at 737 (applying the automobile exception to a vehicle found unoccupied and parked on a public street where probable cause existed to believe it contained evidence of sexual abuse). In *Storm*, our supreme court "decline[d] to replace the easy-to-apply automobile exception with a case-by-case exigency determination." 898 N.W.2d at 145. Thus, the Chrysler's inherent mobility provides the needed exigent circumstances to satisfy the automobile exception. To the extent that Delgado-Jimenez asks us to reconsider the automobile exception, "[w]e are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d

697, 700 (Iowa Ct. App. 1990). Because the State satisfied the automobile exception, Delgado-Jimenez's motion to suppress should be denied.

**IV. Disposition.**

We reverse the district court's grant of Delgado-Jimenez's motion to suppress. We remand for further proceedings.

**REVERSED AND REMANDED.**