# IN THE COURT OF APPEALS OF IOWA

No. 19-0290
Filed January 23, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUSTIN LEE ERDMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.

        Justin Erdman appeals the denial of his motion to suppress following his criminal convictions. **AFFIRMED.**

        Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

At 12:45 a.m. on July 12, 2018, Officers Brian Minnehan and Ryan Steinkamp of the Des Moines Police Department's summer enforcement team[1] were on routine patrol in a marked police cruiser. They observed a vehicle, later determined to be driven by Justin Erdman, pull over to the side of the road. After the officers passed the vehicle in their police cruiser, the vehicle pulled back into the road and continued driving. The officers were suspicious and thought the vehicle was trying to avoid them. The officers turned around and followed the vehicle, and Minnehan observed it was donning a non-functional license plate lamp. Minnehan testified at a suppression hearing that the deficient lamp rendered the license plate partially illegible from a distance of fifty feet. The officers pursued the vehicle and ultimately initiated a traffic stop in a nearby convenience store parking lot, where the subject vehicle had pulled up to a gas pump.

Upon approach, Steinkamp observed both the driver and passenger side doors open; the passenger side door then shut immediately, while the driver side door remained open. Both officers observed what appeared to be an "AK-47 style rifle" on the floor in the back seat of the vehicle. Minnehan removed Erdman from the vehicle immediately and detained him for officer-safety purposes while Steinkamp held the passenger at gunpoint and radioed for backup. Steinkamp then removed the passenger, detained him, and placed him in a police cruiser. While detaining the passenger, another officer observed pistol magazines in the

---

[1] This unit does not respond to calls for service. It focuses on gang, gun, and drug activity, as well as pursuing individuals subject to active warrants.

vehicle next to the driver's seat, after which he questioned Erdman, "Where's your gun at?  Where's your pistol at?  You got the mags in there, where's the pistol at?"

After placing the passenger in a cruiser, Steinkamp returned to the vehicle.  The officers engaged in discussion about whether the suspected rifle was real.  One of the officers stated, "I don't know, but he's got pistol mags over here too."  Steinkamp then located a cigarillo package containing marijuana on the ground next to the passenger side of the vehicle.  A review of Steinkamp's body-camera footage reveals, upon initial approach, the package was located a foot or so away from the rear tire on the passenger side of the vehicle.  The footage also depicts the vehicle to be a two-door Ford Mustang, with the front of the rear tire being a foot or so behind the door opening.  Steinkamp later questioned the passenger about the substance; the passenger denied any knowledge of its presence.  Although they were unsure whether the observed gun was real, the officers determined they had probable cause to search.  A few minutes into the physical search, officers verified the gun in the backseat was an airsoft gun.  The search continued, and officers additionally discovered a .45 caliber pistol underneath the driver's seat as well as a "roach containing marijuana."  Minnehan testified the search was solely based on the marijuana found next to the vehicle and had nothing to do with his observation of what appeared to be a firearm in the back seat.

Erdman was charged by trial information with carrying weapons, operating while intoxicated, and possession of a controlled substance.  Erdman filed a pretrial motion to suppress the evidence obtained as a result of the search, in which he generally argued the search should have been limited to determining whether

the suspected rifle was real, its presence was used as a pretext for the search, and the search was required to cease when it was learned it was merely an airsoft gun. Following a hearing, the district court denied the motion, concluding the officers' observation of what appeared to be a rifle provided probable cause to search and the observance of pistol magazines prior to the determination the gun was an airsoft provided further probable cause to continue the search. The court further found the officers' belief that the marijuana was discarded from the vehicle "would establish additional probable cause to search the vehicle." However, the court noted the contents of the vehicle provided an independent basis for probable cause. The matter proceeded to trial, and a jury found Erdman guilty of carrying weapons and possession of a controlled substance. Erdman appealed following the imposition of sentence.

On appeal, Erdman challenges the denial of his motion to suppress as unconstitutional for want of probable cause. "When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo." *State v. Fogg*, ___ N.W.2d ___, ___, 2019 WL 6973856, at *2 (Iowa 2019) (quoting *State v. Coffman*, 914 N.W.2d 240, 244 (Iowa 2018)). "[W]e independently evaluate the totality of the circumstances as shown by the entire record." *State v. Smith*, 919 N.W.2d 1, 4 (Iowa 2018) (alteration in original) (quoting *State v. White*, 887 N.W.2d 172, 175 (Iowa 2016)). "Each case must be evaluated in light of its unique circumstances." *Fogg*, ___ N.W.2d at ___, 2019 WL 6973856, at *2 (quoting *Coffman*, 914 N.W.2d at 244). We give deference to the district court's findings of

fact, but we are not bound by them. *State v. Storm*, 898 N.W.2d 140, 144 (Iowa 2017).

"The Fourth Amendment [to] the United States Constitution," as applied to the states by the Fourteenth Amendment, "and article I, section 8 of the Iowa Constitution protect individuals against unreasonable searches and seizures." *State v. Naujoks*, 637 N.W.2d 101, 107 (Iowa 2001); *accord State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015). Evidence obtained following a violation of these constitutional protections is generally inadmissible at trial. *See Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963); *Mapp v. Ohio*, 367 U.S. 643, 654–55 (1961); *Naujoks*, 637 N.W.2d at 111. "Warrantless searches are per se unreasonable if they do not fall within one of the well-recognized exceptions to the warrant requirement." *State v. Lowe*, 812 N.W.2d 554, 568 (Iowa 2012) (quoting *Naujoks*, 637 N.W.2d at 107). The exceptions to the warrant requirement include, among others, searches based on probable cause and exigent circumstances. *Naujoks*, 637 N.W.2d at 107. Under the automobile exception, "[t]he inherent mobility of motor vehicles satisfies the exigent-circumstances requirement"; thus all that is required is probable cause. *See Storm*, 898 N.W.2d at 145. "The standard for probable cause is whether a person of reasonable prudence would believe a crime has been committed or that evidence of a crime might be located in the particular area to be searched." *Naujoks*, 637 N.W.2d at 108.

In this appeal, Erdman takes a subjective approach, honing in on Minnehan's testimony that the presence of marijuana was the sole basis for the vehicle search. But subjectiveness is not the standard for probable cause. Instead, probable cause exists to search a vehicle

> when the facts and circumstances would lead a reasonably prudent person to believe that the vehicle contains contraband. The facts and circumstances upon which a finding of probable cause is based include "the sum total . . . and the synthesis of what the police have heard, what they know, and what they observe as trained officers."

*State v. Predka*, 555 N.W.2d 202, 207 (Iowa 1996) (ellipsis in original) (quoting *State v. Edgington*, 487 N.W.2d 675, 678 (Iowa 1992)).

The question is, given the totality of what was seen and heard by law enforcement, would a reasonably prudent person believe a vehicle contained contraband? *See id.* Upon our de novo review, we answer that question in the affirmative. The officers observed Erdman's vehicle engage in evasive behavior, which led them to believe that the vehicle was trying to avoid them. Upon following the vehicle, they observed inadequate illumination of the license plate, and initiated a lawful traffic stop. Upon approach, both officers immediately observed what appeared to be a rifle on the floor of the backseat. After removing Erdman from the vehicle and detaining him for officer-safety purposes, but before verifying the rifle was merely an airsoft gun, officers observed pistol magazines next to the driver's seat. A suspicion that the magazines' counterpart, a pistol, would be found in the vehicle is certainly not unreasonable, and thus provided the officers with probable cause to search.

Also before verifying the rifle was an airsoft gun, Steinkamp located marijuana on the ground near the passenger side door. And, when the officers pulled in behind the vehicle, Steinkamp observed the passenger door open briefly and then close. This all occurred before the physical search of the vehicle. The totality of circumstances controls, not Minnehan's subjective testimony that the marijuana was the sole basis for the search. Even if the marijuana was the sole

basis, given the vehicle's evasive maneuvers, the passenger's brief opening of his door upon initiation of the traffic stop, and the finding of the marijuana in the immediate vicinity of the passenger door, although Steinkamp did not observe the package being discarded from the vehicle, the marijuana provided an independent basis for a reasonable conclusion the vehicle contained contraband.

Upon our de novo review, we conclude the search was supported by exigent circumstances coupled with probable cause and was therefore reasonable, which is all that is constitutionally required. *See* U.S. Const. amend. IV; Iowa Const. art. I, § 8. As such, we affirm the denial of Erdman's motion to suppress and his convictions.

**AFFIRMED.**