# IN THE COURT OF APPEALS OF IOWA

No. 18-2159
Filed March 18, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JENNIFER BRANDT,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Buchanan County, Stephanie C. Rattenborg, District Associate Judge.

Jennifer Leigh Brandt appeals her conviction of possession of marijuana, second offense. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

Jennifer Leigh Brandt appeals her conviction of possession of marijuana, second offense. The only question on appeal is whether the district court erred in denying her motion to suppress evidence discovered during a search of her purse. Brandt alleges the court erred in denying her motion because the search was unlawful under both the federal and state constitutions.

**I. Background Facts and Proceedings.**

The facts leading to Brandt's arrest and conviction are not in dispute. Buchanan County Deputy Sheriff Joe Schwinghammer was on patrol when he noticed the male driver of a vehicle tried to hide his face while passing the deputy's patrol car. Deputy Schwinghammer checked the vehicle's registration and learned it was registered to a female. When the deputy saw the vehicle stopped in a city park with the driver and passenger out of it, he stopped and asked the driver if he had a driver's license. The driver admitted he did not, and Deputy Schwinghammer decided to issue him a citation. It was not until the deputy approached the driver to explain the citation that he smelled a strong odor of an alcoholic beverage coming from his person. When asked, the driver admitted he had drunk a couple of beers.

Suspicious that the driver may have been operating the vehicle while intoxicated, Deputy Schwinghammer asked if there were any open containers of alcohol in the vehicle. The driver said there were two cans in the backseat, but the passenger, Brandt, at first said no. Brandt then admitted there were probably some cans in the back of the vehicle, but that they were old—not from that day.

Deputy Schwinghammer searched the vehicle. He began by looking under the front driver's seat before moving across to the passenger side where he noticed a purse on the floorboard that he described as "overly filled." The purse was zipped closed and was "ten to twelve inches wide or long, probably four to five inches wide, and probably stood six to eight inches high." The deputy described purse as "standing up," which caught the deputy's attention because he believed "you could set a container in there." Deputy Schwinghammer opened the purse "and immediately noticed the multi-colored glass pipe sitting on top." He smelled an odor of marijuana and found a small plastic bag of marijuana beneath the pipe.

The State charged Brandt with possession of marijuana, second offense. Brandt pled not guilty and moved to suppress the evidence discovered during the search of her purse, which she alleged was unlawful. The district court overruled the motion after finding the search fell within the automobile exception to the warrant requirement. The court determined that the deputy had "probable cause to believe the Brandt vehicle could contain contraband, i.e. open containers of alcohol," and that once he "had probable cause to search the vehicle for contraband, all containers within the car were fair game for the car search." The court reasoned that "an open container of alcohol could easily be found inside a purse of sufficient size" and that "Brandt's purse was of sufficient size that an open container of alcohol could have been placed inside." Brandt then waived her right to a jury trial and agreed to a bench trial on the minutes of evidence, and the court found Brandt guilty as charged.

**II. Scope and Standard of Review.**

We review the denial of Brandt's motion to suppress de novo. *See State v. Fogg*, 936 N.W.2d 664, 667 (Iowa 2019). In doing so, we review the entire record and make an independent evaluation based on the unique circumstances of the case. *See id.* But because the district court had a chance to assess the credibility of the witnesses, we give the court's fact-findings deference, though they are not binding. *See State v. Storm*, 898 N.W.2d 140, 144 (Iowa 2017).

**III. Motion to Suppress.**

A warrantless search is per se unreasonable unless it falls within the carefully drawn exceptions to the warrant requirement. *See State v. Gaskins*, 866 N.W.2d 1, 7 (Iowa 2015). One exception is probable cause coupled with exigent circumstances termed the "automobile exception" when applied to motor vehicles. *Storm*, 898 N.W.2d at 145. "Probable cause for a vehicle search exists when the facts and circumstances would lead a reasonably prudent person to believe that the vehicle contains contraband." *State v. Edgington*, 487 N.W.2d 675, 678 (Iowa 1992) (citation omitted). The State has the burden of proving by a preponderance of the evidence that the search fell under the automobile exception. *See State v. Simmons*, 714 N.W.2d 264, 272 (Iowa 2006). If the State fails to meet its burden, evidence obtained in violation of the warrant requirement is inadmissible. *See State v. Crawford*, 659 N.W.2d 537, 541 (Iowa 2003).

Sufficient evidence would lead a reasonably prudent person to believe that the vehicle Brandt was a passenger in contained contraband. The driver smelled of an alcoholic beverage and admitted to having drunk beer that day. The driver also admitted that there were open containers of beer in the vehicle. Although

Brandt first denied there were any open containers in the vehicle, she too admitted there were "probably" older cans in the backseat. Because Deputy Schwinghammer witnessed the vehicle being driven on a public street, any open container of alcohol inside it was contraband. *See* Iowa Code § 321.284(1) (2018).

When there is probable cause to search a vehicle, law enforcement may also search any belongings of a passenger in the vehicle that can conceal the object of the search. *See Wyoming v. Houghton*, 526 U.S. 295, 304 (1999); *State v. Eubanks*, 355 N.W.2d 57, 60 (Iowa 1984) ("Once the patrolman lawfully stopped the car and had probable cause to search it for contraband, in this case marijuana, he could lawfully open and examine all containers within the vehicle from the time probable cause appeared."); *State v. Swenson*, No. 17-1460, 2019 WL 141009, at *2 (Iowa Ct. App. Jan. 9, 2019) (holding probable cause to search the vehicle vested officer with probable cause to search passenger's purse).

The odor of an alcoholic beverage coming from the driver, coupled with the admission that the driver had been drinking beer and there were open containers of beer in the backseat, gave Deputy Schwinghammer probable cause to search the vehicle for open containers of alcohol. Brandt's purse was large enough to conceal an open container of beer. Because the deputy had probable cause to search the purse, the district court properly denied Brandt's motion to suppress.

**AFFIRMED.**