# IN THE COURT OF APPEALS OF IOWA

No. 18-2236
Filed April 15, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**THOMAS RUSSELL DOMENIG,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell (motion to suppress) and Scott D. Rosenberg (trial), Judges.

        Thomas Domenig appeals his conviction for possession of methamphetamine, second offense. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.

        Considered by Mullins, P.J., Greer, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

When Officer Chelsea Borich ordered Thomas Domenig to exit his vehicle to arrest him for driving while revoked, she spotted a glass pipe on the floor of his vehicle. The officer knew from her training and experience that these types of glass pipes are used to smoke methamphetamine. After informing Domenig that she was also arresting him for possession of drug paraphernalia, Officer Borich searched the vehicle and found a black pouch containing a small bag of methamphetamine and two broken pipes. Ultimately, the search resulted in Domenig's conviction for possession of methamphetamine, second offense. On appeal, Domenig first contends the district court erred in denying his motion to suppress evidence seized during a search of his vehicle, claiming the search violated his constitutional rights under the Fourth Amendment of the U.S. Constitution and article 1, section 8 of the Iowa Constitution.

We review Domenig's constitutional challenge de novo. *See State v. Storm*, 898 N.W.2d 140, 144 (Iowa 2017). We make an independent assessment based on the circumstances as shown in the entire record. *See id.* But we defer to the district court's findings, especially those involving credibility determinations. *See id.* The State has the burden of proving the search fell within the exception to the warrant requirement by a preponderance of the evidence. *See State v. Simmons*, 714 N.W.2d 264, 272 (Iowa 2006).

The trial court denied Domenig's motion to suppress, concluding the search fell under the automobile exception to the warrant requirement. "[T]he automobile exception to the fourth amendment requirement of a search warrant is applicable if probable cause and exigent circumstances exist at the time the automobile is

stopped by police." *State v. Edgington*, 487 N.W.2d 675, 678 (Iowa 1992). The trial court found that seeing the glass pipe in plain view provided Officer Borich probable cause to search Domenig's vehicle.

Domenig argues the glass pipe is insufficient to provide probable cause for the search because there is no evidence it was ever used to smoke methamphetamine. In the context in which Officer Borich came upon the glass pipe, we agree it provided probable cause for the search. The officer found Domenig sitting alone in his vehicle at night in an area associated with drug arrests. The officer found Domenig's excuse for being there—that he stopped to change his clothes—to be "weird and suspicious." Domenig did not utilize an open bathroom in a nearby lit parking lot that was available for such a purpose. Officer Borich knew the pipe was designed for use in smoking methamphetamine. Under these facts, it was reasonable for the officer to conclude that criminal activity was afoot, providing probable cause to search Domenig's vehicle.

Domenig argues there was also no exigency at the time of the search because he was under arrest and in custody. But "exigent circumstances apart from the mobility of the vehicle are not required to justify a warrantless search." *Storm*, 898 N.W.2d at 146. "The inherent mobility of motor vehicles satisfies the exigent-circumstances requirement." *Id.* at 145. Therefore, the search of Domenig's vehicle fell under the automobile exception. We affirm the denial of Domenig's motion to suppress the items found during that search.

Domenig also contends the trial court erred in denying his motion for an expanded ruling. He argues the court failed to comply with Iowa Rule of Criminal Procedure 2.17(2), which requires that the court "find the facts specially and on the

record, separately stating its conclusions of law and rendering an appropriate verdict." However,

> [a] defendant in a bench-tried criminal case who has not filed a motion for new trial seeking amendment or enlargement of the court's findings and conclusions cannot rely on appeal on the insufficiency of those findings and conclusions to support the court's decision so long as the evidence would support the necessary additional findings and conclusions.

*State v. Miles*, 346 N.W.2d 517, 519 (Iowa 1984). Our rules require that this motion be filed no "later than five days before the date set for pronouncing judgment." Iowa R. Crim. P. 2.24(2)(a). Domenig requested immediate sentencing following bench trial on the minutes of evidence and has thereby waived his claim. *See, e.g.*, *State v. Melendez*, No. 16-0589, 2017 WL 1278295, at *1 (Iowa Ct. App. Apr. 5, 2017) (finding defendant who requested immediate sentencing waived challenge to sufficiency of trial court's findings on appeal).

In his motion for an expanded ruling, Domenig also sought a ruling on a pro se motion to dismiss. But the court already ruled on his earlier motion to dismiss that raised the same arguments, which reiterated the arguments the court rejected in Domenig's motion to suppress. Even if the arguments had merit, Domenig does not state what relief he is requesting. Further, Domenig agreed to a bench trial on the minutes of evidence without first obtaining a ruling on the motion. *33 Carpenters Constr., Inc. v. State Farm Life & Cas. Co.*, 939 N.W.2d 69, 75 (Iowa 2020) ("[W]hen an issue is raised in a motion but not decided in the district court ruling, the issue is not preserved for review."). He did not request a ruling until after the trial court pronounced judgment. Just as Domenig failed to preserve error

on his request for specific findings, his failure to request a ruling earlier waives any claim of error on his motion to dismiss.

**AFFIRMED.**